**SCHUMANN AREVALO LLP**
ERIC AREVALO (CSB No. 255725)
arevalo@scarlaw.us
30 Corporate Park, Suite 100
Irvine, CA, 92606
Telephone (714) 850-0210
Facsimile (714) 850-0551

Attorneys for Defendant/Third Party Plaintiff, SOUTHERN GLAZER'S WINE AND SPIRITS LLC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN SPEREGEN, an individual,<br><br>Plaintiff,<br><br>v.<br><br>SOUTHERN GLAZER'S WINE AND SPIRITS LLC, a California business entity; EMKAY INC. TRUST; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.   2:24-cv-07198<br><br>**THIRD PARTY COMPLAINT OF SOUTHERN GLAZER'S WINE AND SPIRITS LLC**<br><br>**[DEMAND FOR JURY TRIAL]**<br><br>Date Action Filed: June 11, 2024<br>Trial Date:          None assigned |
| SOUTHERN GLAZER'S WINE AND SPIRITS LLC<br><br>Third Party Plaintiff,<br><br>v.<br><br>RYDER SYSTEM, INC.,<br><br>Third Party Defendant. | |

**PLEASE TAKE NOTICE** that Third Party Plaintiff, SOUTHERN GLAZER'S WINE AND SPIRITS LLC ("SGWS" OR "Third Party Plaintiff"), and alleges as follows:

**FIRST CLAIM FOR RELIEF**

**(For Equitable/Implied Indemnity Against RYDER SYSTEM INC.)**

1. SGWS is now, and at all times herein mentioned was, a corporation organized and existing under the laws of the State of Delaware.

2. SGWS is informed and believes and based thereon alleges that Third Party Defendant, RYDER SYSTEM, INC. ("RYDER"), is a corporation or other form of business entity and a citizen of the State of Delaware.

3. Jurisdiction of this Court is based upon diversity of citizenship pursuant to 28 U.S.C. § 1332 in that the parties are citizens of different States and the amount in controversy, exclusive of interests and costs, exceeds the sum of $75,000. Jurisdiction of this Court is also proper because SGWS's Third Party Complaint arises out of the same transaction or occurrence that is the subject matter of Plaintiff's, STEPHEN SPEREGEN ("Plaintiff"), Complaint.

4. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(a) in that the alleged incident occurred in, and Plaintiff allegedly resides in, Los Angeles County, California.

5. Plaintiff's action, the principal action herein, alleges, among other things, tortious conduct allegedly entitling Plaintiff to compensatory damages. Plaintiff was allegedly damaged as described in the operative Complaint on file herein, and SGWS herein contends and continues to contend that it is in no way actionably liable for the events and occurrences, tortious and otherwise, alleged in Plaintiff's operative form Complaint, a copy of which is attached hereto as **Exhibit "A"** for reference purposes only and is incorporated herein by reference as though fully set forth.

6. If it is adjudicated that Plaintiff was damaged as alleged in his operative Complaint, which suppositions are not admitted and are denied, then SGWS is informed and believes and thereupon alleges that the alleged incident and all damages complained of were caused directly and proximately by RYDER and thereby

breaching duties owed to SGWS.

7. That by reason of the foregoing, if Plaintiff is entitled to recover against SGWS on the basis of any of the allegations alleged, which are denied by SGWS, then the responsibilities of SGWS, if any, are vicarious in nature and SGWS, as a passive and secondary alleged tortfeasor, is entitled to judgment over and against RYDER to the extent of such recovery by Plaintiff, in that it was the active and primary negligence of RYDER which caused Plaintiff to be damaged.

## SECOND CLAIM FOR RELIEF

### (For Contribution/Apportionment of Fault Against RYDER SYSTEM INC.)

8. SGWS refers to and incorporates herein by reference each and every paragraph of the above First Claim for Relief as though set forth herein in full.

9. SGWS is informed and believes and thereupon alleges that RYDER is negligently or tortiously responsible, in whole or in part, in some proportional relation to SGWS, for the damages and losses, if any, allegedly suffered by Plaintiff. Further, that in the event SGWS be judged jointly liable with RYDER, that RYDER be required to pay to SGWS a sum equal to the proportionate share of monetary payments, if any there be, made to Plaintiff.

10. Further, that if SGWS is found partially responsible to Plaintiff for damages and if SGWS is required to pay Plaintiff any amount in excess of the degree of comparative fault of SGWS, if any, then SGWS is entitled to recover from RYDER the amount of said excess paid.

## THIRD CLAIM FOR RELIEF

### (For Declaratory Relief Against RYDER AUTO ENTERPRISES, LLC)

11. SGWS refers to and incorporates herein by reference, each and every paragraph of the First and Second Claims for Relief as though set forth herein in full.

12. An actual controversy has arisen and exists between SGWS and RYDER, for which SGWS has no adequate or speedy remedy at law in that SGWS

**THIRD PARTY COMPLAINT OF SOUTHERN GLAZER'S WINE AND SPIRITS LLC**

asserts that it is entitled to be indemnified by RYDER, and RYDER denies that it is entitled to such indemnification.

WHEREFORE, Great Neck prays for judgment as follows:

### ON THE FIRST CLAIM FOR RELIEF

1. For judgment over and against RYDER for all sums that may be adjudged against SGWS in favor of Plaintiff by reason of the operative Complaint.

### ON THE SECOND CLAIM FOR RELIEF

2. For judgment over and against RYDER for an amount in excess of SGWS's proportionate degree of comparative fault, if any, for the damages of and/or other relief to Plaintiff, if any.

### ON ALL CLAIMS FOR RELIEF

3. For attorneys' fees, expert consultants' and expert witnesses' fees, and other costs of suit and disbursements incurred herein;

4. For interest at the legal rate in regard to the costs of suit and disbursements incurred herein; and

5. For such other and further relief as this honorable Court may deem just and proper.

DATED: August 30, 2024        SCHUMANN AREVALO LLP

By: */s/ Eric Arevalo, Esq.*
Eric Arevalo, Esq.
Attorney for Defendant/Third Party Plaintiff, SOUTHERN GLAZER'S WINE AND SPIRITS LLC

**CERTIFICATE OF SERVICE**

I hereby certify that, on August 30, 2024, a copy of the foregoing **THIIRD PARTY COMPLAINT OF SOUTHERN GLAZER'S WINE AND SPIRITS LLC [DEMAND FOR JURY TRIAL]** was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By: /s/ Ashlyn Savare

Ashlyn Savare