UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN SPEREGEN,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>SOUTHERN GLAZER'S WINE AND SPIRITS LLC, *et al.*,<br><br>　　　　　　Defendants. | Case No. 2:24-cv-07198-FLA (BFMx)<br><br>**CORRECTED ORDER REMANDING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION [DKT. 33] AND ORDER VACATING MARCH 31, 2025 ORDER [DKT. 35][1]** |

---

[1] The March 31, 2025 Order, Dkt. 35, was issued erroneously and is hereby VACATED.

1

Federal courts are courts of "limited jurisdiction," possessing "only that power authorized by the Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); U.S. Const. art. III, § 2, cl. 1. District courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record. *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n. 3 (2006). Additionally, federal courts have an obligation to examine jurisdiction *sua sponte* before proceeding to the merits of a case. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).

Most commonly, federal courts have subject matter jurisdiction where: (1) an action arises under federal law (federal question jurisdiction), 28 U.S.C. § 1331; or (2) the amount in controversy exceeds $75,000, exclusive of interest and costs, and the citizenship of each plaintiff is diverse from that of each defendant (diversity jurisdiction), 28 U.S.C. § 1332(a). Except as otherwise provided by an act of Congress expressly, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction[] may be removed by the defendant or the defendants" to the district court for the district and division where the action is pending. 28 U.S.C. § 1441.

A defendant's notice of removal must include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014). "[W]hen the plaintiff contests, or the court questions, the defendant's allegation," "both sides [must] submit proof," at which point "the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id.* at 88–89. Courts "strictly construe the removal statute against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.*

On February 21, 2025, the court issued an Order to Show Cause ("OSC") why the action should not be remanded for lack of subject matter jurisdiction due to an insufficient amount in controversy. Dkt. 33. The court provided the parties fourteen days to respond and cautioned Defendant Southern Glazer's Wine and Spirits LLC ("Defendant") that, as the party asserting federal jurisdiction, its "failure to respond timely and adequately to [the OSC] shall result in the remand of the action without further notice." *Id.* at 3. Defendant did not file a response to the court's OSC. This, in and of itself, is a sufficient basis to remand the action. *See id.*

Furthermore, Defendant fails to meet its burden to establish that removal is proper. As stated in the OSC, the court has reviewed the Notice of Removal and is unable to conclude the amount in controversy is satisfied and that diversity jurisdiction exists here. The court, therefore, REMANDS the action to the Los Angeles County Superior Court, Case No. 24VECV02749. All dates and deadlines in this court are VACATED. The clerk of the court shall close the action administratively.

IT IS SO ORDERED.

Dated: April 3, 2025

FERNANDO L. AENLLE-ROCHA
United States District Judge